UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

**TERRY TURNER**                                                                                                                                           **PLAINTIFF**

**v.**                                      **CIVIL ACTION NO. 3:16CV-194-CRS**

**BROWN BRO'S CADILLAC INC.** *et al.*                                   **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

Plaintiff Terry Turner filed a *pro se* complaint alleging employment discrimination under Title VII of the Civil Rights Act of 1964 (Title VII), the Age Discrimination in Employment Act (ADEA), and the Equal Pay Act (EPA).

Because Plaintiff is proceeding *in forma pauperis*, this Court is required to screen the complaint in accordance with 28 U.S.C. § 1915(e) and *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the reasons that follow, the Court will allow Plaintiff's Title VII and ADEA claims to proceed against Defendant Brown Bro's Cadillac Inc. and will dismiss all other claims.

### I.

Plaintiff sues the following Defendants: Brown Bro's Cadillac Inc.; Keith Sparks, its Service Manager; and Teresa Jackson in "HR." In the complaint, he alleges that he was terminated from his employment on the basis of race, color, age, and sex. To the complaint, Plaintiff attaches the Charge of Discrimination that he filed with the Equal Employment Opportunity Commission (EEOC). Therein, Plaintiff wrote:

> I was hired in April 2007 by Brown Bros Cadillac Inc. During my employment I feel I have been treated less favorably than white, younger

> mail employees concerning attendance, and wages. On January 6, 2015 I was terminated for being late, however when Keith Sparks, Service Manager, grandson, a younger white, mail was late at least 4 times, he was not written up or terminated as I was. I also became aware Keith Sparks's grandson was receiving higher wages than I was. I believe I have been discriminated against because of my race, Black and my sex Male by being terminated, in violation of Title VII of the Civil Rights Act of 1964, as amended. I also believe I have been discriminated because of my age, 49 at the time or termination, in violation of Age Discrimination in Employment Act of 1967, as amended.

Plaintiff also attaches his right-to-sue letter from the EEOC.

## II.

Because Plaintiff is proceeding *in forma pauperis* under 28 U.S.C. § 1915, the Court must undertake a preliminary review of the complaint. *See* 28 U.S.C. § 1915(e)(2); *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). On review, a district court must dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

2

defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).

Upon review of the complaint, the Court will allow the Title VII and ADEA claims to proceed against Defendant Brown Bro's Cadillac Inc.

However, Plaintiff's Title VII and ADEA claims against Defendants Sparks and Jackson must be dismissed. "Title VII provides that 'it shall be an unlawful employment practice for an *employer*' to discriminate on the basis of race, color, religion, sex, or national origin. A person aggrieved by such discrimination may bring a civil action against the '*employer*.'" *Wathen v. Gen. Elec. Co.*, 115 F.3d 400, 405 (6th Cir. 1997) (citing 42 U.S.C. §§ 2000e-2(a), 2000e-5(b)) (emphasis added). "[A]n individual employee/supervisor, who does not otherwise qualify as an 'employer,' may not be held personally liable under Title VII." *Id.* The *Wathen* "decision has been extended to the ADEA[.]" *Richardson v. CVS Corp.*, 207 F. Supp. 2d 733, 743 (E.D. Tenn. 2001); *Wilding v. Thompson*, No. 3:12-CV-00774-CRS, 2014 WL 200309, at *3 (W.D. Ky. Jan. 17, 2014) ("Thompson, as an individual employed by the Kentucky Department of Corrections, cannot be individually liable under the ADEA because the Sixth Circuit has interpreted the ADEA to preclude suits against individuals.").

None of the facts, even liberally construed, suggest that Defendants Sparks and Jackson are "employers" as contemplated under Title VII. Therefore, Plaintiff's Title VII and ADEA

claims against Defendants Sparks and Jackson must be dismissed for failure to state a claim upon which relief may be granted.

This leaves consideration of the EPA claim. "The EPA prohibits employers from paying an employee at a rate less than that paid to an employee of the opposite sex for performing equal work." *Beck-Wilson v. Principi*, 441 F.3d 353, 359 (6th Cir. 2006) (citing 29 U.S.C. § 206(d)(1)). Here, Plaintiff does not allege that he was paid differently than a member of the opposite sex. Rather, he alleges that he, a male, was paid less than another male employee. *See Gibson v. Am. Apartment Mgmt. Co.*, No. 3:10-CV-253, 2010 WL 3656038, at *2 (E.D. Tenn. Sept. 14, 2010) ("Even assuming the jobs were equal, such allegations are insufficient as plaintiff alleges that the equal job was held by a member of the same sex."); *Fairclough v. WAWA, Inc.*, No. 09-2153MLC, 2010 WL 2179153, at *4 (D.N.J. May 28, 2010) ("The plaintiff here has only alleged that she was paid less than an employee of the same sex and, as such, she has not established a prima facie claim of an EPA violation."). Consequently, the EPA claim will be dismissed against all Defendants.

## III.

For the foregoing reasons, and the Court being otherwise sufficiently advised,

**IT IS ORDERED** that the Title VII and ADEA claims against Defendants Sparks and Jackson and the EPA claim against all Defendants are **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted. As all claims are dismissed against Defendants Sparks and Jackson, **the Clerk of Court is DIRECTED to terminate** them from this action.

The Court will enter a separate Order directing service on Defendant Brown Bro's Cadillac Inc.

Date: August 29, 2016

**Charles R. Simpson III, Senior Judge**
**United States District Court**

cc: Plaintiff, *pro se*
    Defendants
4411.005